# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In re* Flint Water Cases. | Judith E. Levy |
| _____/ | United States District Judge |

This Order Relates To:

Lee v. City of Flint, Michigan, *et al.*,
Case No. 17-11726

_____/

## OPINION AND ORDER DENYING LAN AND LAD'S MOTIONS TO DISMISS [74, 75] AND DENYING VNA'S MOTION TO DISMISS [80]

This is one of the many cases that are collectively referred to as the Flint Water Cases. Plaintiffs allege that Defendants, a combination of private and public individuals and entities, set in motion a chain of events that led to bacteria and lead leaching into the City of Flint's drinking water. Plaintiffs in the various Flint Water Cases claim that Defendants subsequently concealed, ignored, or downplayed the risks that arose from their conduct, causing them serious harm. These plaintiffs contend that the impact of what has since been called the Flint Water Crisis is still with them and continues to cause them problems.

The Plaintiff in this case is Joel V. Dennis Lee. Defendants are: (1) Veolia North America, Inc., Veolia North America, LLC, and Veolia Water North America Operatizing Services, LLC (together, "VNA"); (2) Lockwood, Andrews & Newnam, Inc. and Lockwood, Andrews & Newnam, P.C. (together, "LAN"); (3) Leo A. Daly Company ("LAD"); (4) the City of Flint, Darnell Earley, and Gerald Ambrose (collectively "City Defendants"); and (5) Rowe Professional Services Company, d/b/a Rowe Engineering Inc., a/k/a Rowe, LLC ("Rowe"). (ECF No. 73, PageID.656–657.) In previous Flint Water decisions, the Court has set forth descriptions of each of these Defendants and adopts those descriptions as if fully set forth here. *See, In re Flint Water Cases*, 384 F. Supp. 3d 802, 824–825 (E.D. Mich. 2019).

In August 2020, the putative class Plaintiffs and individual Plaintiffs in the Flint Water Cases reached a proposed settlement with State of Michigan Defendants for $600 million. In October 2020, the same Plaintiffs and the City Defendants agreed to a $20,000,000 proposed settlement.[1] Rowe also agreed to settle for $1.25 million.

---

[1] Other Defendants in the settlement, McLaren Health Care Corporation, Regional Medical Center, and McLaren Flint Hospital, are not Defendants in this case.

Because of the progress toward a partial settlement, the Court granted a stay of proceedings in the Flint Water Cases involving the settling Defendants (*Carthan v. Snyder*, No. 16-10444, ECF Nos. 1323; 1324; 1353). The Court preliminarily approved the partial settlement on January 21, 2021. (*Id.* at ECF No. 1399.) The proposed settlement is still subject to final approval by the Court.

Plaintiff and other qualifying individuals in the Flint Water Cases have until today, March 29, 2021, to decide whether to participate in the settlement. If Plaintiff decides to participate and if the Court grants final approval of the settlement, then, in consideration for a monetary award, Plaintiff's claims against the City Defendants and Rowe will be dismissed. If Plaintiff opts out of the settlement and proceeds with his litigation against the City and Rowe, he may continue litigation pursuant to the schedule and requirements set forth in the Master Settlement Agreement for those Plaintiffs who wish to proceed with litigation.

There are three pending motions to dismiss: (1) LAN's motion to dismiss (ECF No. 74); (2) LAD's motion to dismiss (ECF No. 75); and (3) VNA's motion to dismiss (ECF No. 80.) For the reasons set forth, all three motions are denied.

### I. Prior Precedent in the Flint Water Cases

This Court has previously adjudicated other motions to dismiss in the Flint Water Cases and will rely upon them as appropriate in this case. *See Guertin v. Michigan*, No. 16-12412, 2017 WL 2418007 (E.D. Mich. June 5, 2017); *Carthan v. Snyder*, 329 F. Supp. 3d 369 (E.D. Mich. 2018); *Carthan v. Snyder*, 384 F. Supp. 3d 802 (E.D. Mich. 2019); and *Walters v. City of Flint*, No. 17-10164, 2019 WL 3530874 (E.D. Mich. Aug. 2, 2019); *Marble v. Snyder*, 453 F. Supp. 3d 970 (E.D. Mich. 2020), *Brown v. Snyder*, No. 18-10726, 2020 WL 1503256 (E.D. Mich. Mar. 27, 2020) and *Bacon v. Snyder*, No. 18-10348, 2020 WL 6218787 (E.D. Mich. Oct. 22, 2020).

The Flint Water Cases have also produced several Sixth Circuit opinions. These are binding on this Court and include *Carthan v. Earley*, 960 F.3d 303 (6th Cir. 2020); *Walters v. Flint*, No. 17-10164, 2019 WL 3530874 (6th Cir. August 2, 2019); *Guertin v. Michigan*, 912 F.3d 907 (6th Cir. 2019); *Boler v. Earley*, 865 F.3d 391 (6th Cir. 2017); and *Mays v. City of Flint*, 871 F.3d 437 (6th Cir. 2017).

### II. Procedural History and Background

#### A. The Master Complaint

As the number of Flint Water Cases increased over the years, the Court entered case management orders to manage the litigation. For example, on January 23, 2018, it appointed and then directed Co-Liaison Counsel for the individual Plaintiffs to file a Master Complaint that would apply to all pending and future non-class action cases. (*Carthan*, No. 16-10444, ECF No. 347.) The Master Complaint was filed in *Walters*. (*Walters*, No. 17-10164, ECF No. 185-2.)

The attorneys in each of the individual cases were then ordered to file a Short Form Complaint to accompany the Master Complaint, adopting only the pertinent allegations from the Master Complaint as they saw fit. The Short Form Complaints also allowed for an Addendum if any Plaintiff wished to allege a new cause of action or include additional Defendants. This would allow the Court to issue opinions consistent with *Walters* that would apply to multiple individuals, rather than to address each case in turn and cause a delay in the administration of justice.

### B. Background of Plaintiff's Case Filings

Plaintiff brought his original complaint on May 31, 2017. (ECF No. 1.) The operative complaint is his fifth amended complaint. (*See* ECF Nos.

1, 36, 63, 70, 73.) Plaintiff's claims and the Defendants he sued have evolved from the original complaint. But because this Opinion and Order adjudicates only LAD, LAN, and VNA's motions, the procedural history set forth here will be limited to these Defendants.

Plaintiff's Short Form Complaint fully adopts the relevant facts alleged in the Master Complaint from *Walters*. (ECF No. 73, PageID.655 (citing *Walters*, No. 17-10164, ECF No. 185-2).) The Master Complaint's facts, setting forth the background of the Flint Water Crisis, were summarized in this Court's opinion in *Walters* and will not be reproduced here. *Walters v. City of Flint*, No. 17-cv-10164, 2019 WL 3530874, at *4–*11 (E.D. Mich. Aug. 2, 2019). However, as set forth above, unlike *Walters*, Plaintiff in this case does not allege injuries from lead poisoning alone. Rather, Plaintiff alleges injuries from exposure to lead and *legionella*. Plaintiff's fact-specific portion of his Short Form Complaint describes his exposure as follows:

> Joel V. Dennis Lee, (hereinafter "Plaintiff") is a resident of Saginaw County, who was exposed to legionella bacteria as a result of working in the [sic] Flint as a Schwann's delivery person. During the last week of November 2016 or the first week of December 2016, Plaintiff contracted Legionella or Legionnaire[']s disease on or about December 6, 2016. As a result of his exposure to the Legionella bacteria, Plaintiff was

6

> hospitalized between December 6, 2016 and December 11, 2016 and was confined to his home requiring oxygen for an additional two weeks. Plaintiff suffered permanent injury to his pulmonary system as a result of contracting Legionnaire[']s disease in December 2016.[2]

(ECF No. 73-1, PageID.662.)

In *Marble* and *Brown*, the Court analyzed the Master Complaint's allegations as they related to those plaintiffs' *legionella*-based claims. *See, Marble*, 453 F. Supp. 3d at 981–983, 1003–1004; *Brown*, 2020 WL 1503256, at *4, 5–6. And here, as in *Marble* and *Brown*, the fact that Plaintiff alleges *legionella* exposure does not change the core analysis of Plaintiff's claims. *Id.*

Plaintiff's claims against LAD, LAN, and VNA are for professional negligence, only.[3] (*See* ECF No. 73, PageID.659.)

---

[2] Plaintiff's fact-specific portions of his Short Form Complaint also restates paragraphs from the *Walters* Master Complaint. For example, Paragraph 4 of Plaintiff's statement correlates with Paragraph 235 of the Walters Master Complaint. Paragraph 30 corresponds with *Walters* Paragraph 276, and so on. However, since Plaintiff already incorporated the entirety of the Master Complaint, these specific paragraphs do not change the substance of his entire pleading.

[3] Plaintiff's response to LAN's motion to dismiss argues that he "does not consent to the dismissal of the exemplary damages claims against the LAN Defendants." (ECF No. 78, PageID.857.) However, his operative complaint does not set forth an exemplary damages claim against LAN. The only claim it asserts against LAN is for professional negligence. (ECF No. 73, PageID.659–660.) Accordingly, exemplary damages need not be addressed further.

### C. Legal Standard

When deciding a motion to dismiss under Federal Rule of Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

### III. Analysis

### A. Professional Negligence: LAN and LAD

As set forth above, Plaintiff alleges professional negligence Defendants LAN and LAD. (ECF No. 73.) All of the facts that Plaintiff

8

relies on as the basis for his claims against LAD and LAD derive from the Master Complaint in *Walters*. (ECF No. 72, PageID.655 (citing *Walters*, No. 17-10164, ECF No. 185-2).)

Neither LAN nor LAD's motions to dismiss present any arguments that differ from the arguments they presented in *Walters*, *Marble*, or *Brown*. *See*, *Walters*, No. 17-10164, ECF Nos. 144, 145 (LAD and LAN's motions to dismiss); *see also*, *Marble*, 453 F. Supp. 3d at 1003–1004; *Brown*, 2020 WL 1503256, at *5. In *Walters*, the Court denied LAN and LAD's motions to dismiss the Plaintiffs' professional negligence claims. *Walters*, 2019 WL 3530874, at *40. LAN and LAD do not present any reasons to deviate from that Opinion and Order. Accordingly, for reasons set forth in *Walters*, LAN and LAD's motions to dismiss are denied. Plaintiff's claims for professional negligence against LAN and LAD may continue.

LAD also moves for an order dismissing Plaintiff's claims for lack of personal jurisdiction, lack of subject matter jurisdiction, and for failure to state a cause of action. (ECF No. 75.) LAD acknowledges that the Court was presented with the same motion and arguments in *Carthan*, which the Court denied. *Carthan*, 384 F. Supp. 3d at 873; *see also*, *In re Flint*

*Water Cases*, No. 16-10444, 2018 WL 1638758 (E.D. Mich. Apr. 5, 2018). LAD also moved to preserve similar arguments in *Walters* and in *Brown*. Because these arguments were made for preservation purposes, the Court did not address them in those cases, and the same result applies here. *See*, *Walters*, 2019 WL 3530874, at *40; *Brown*, 2020 WL 15036256, at *5, fn. 10.

### B. Professional Negligence: VNA

As set forth above, Plaintiff alleges professional negligence against VNA, and relies on the Master Complaint in *Walters* for the majority of his allegations. (ECF No. 73.) VNA argues that Plaintiff's professional negligence claim should be dismissed because VNA did not owe Plaintiff a duty of professional care. (ECF No. 80.) VNA argues that Plaintiff has not set forth a "separate and distinct" duty outside of VNA's contractual relationship with the City of Flint to provide consulting services, and accordingly, his claim fails. (*Id*.) Moreover, VNA suggests that as a transitory visitor to Flint some twenty months after their work concluded in in the City, VNA could not possibly owe a duty of care to Plaintiff.

In evaluating the duty element of a professional negligence claim in Michigan, *Loweke v. Ann Arbor Ceiling and Partition Co.*, 489 Mich.

157, 166 (2011) sets forth that a contracting party is not relieved of its separate, pre-existing, common-law duty to third parties to use "ordinary care to avoid physical harm to foreseeable persons and property" in performance of a contract. VNA argues that *Loweke* did not extend that duty to "anyone who might be harmed by that action." (*Id.* at PageID.1115.) And to allow Plaintiff's lawsuit against VNA to go forward would expose VNA to potentially "limitless liability." (*Id.*)

Extending VNA's common-law duty to Plaintiff in this case does not impose limitless liability on VNA. It is foreseeable that Plaintiff, who worked in the City of Flint, would come in contact with Flint water regularly while at work. VNA's characterization of Plaintiff as a mere "transitory visitor," cannot shield it from liability at the pleading stage of the case. Although Plaintiff did not live in Flint, he worked in the City and was there on a regular basis. (*See*, ECF No. 73, PageID.658; *see also*, ECF No. 73-1, PageID.661.) VNA's recitation of the facts in this case is not consistent with the allegations set forth in the complaint. (ECF No. 80, PageID.170.)

VNA also suggests that the Court should not find that VNA owed a duty to Plaintiff because doing so would "significantly chill the provision

11

of professional services in Michigan, a social cost that far outweighs any benefit from imposing such a duty." (ECF No. 80, PageID.873.) It argues that it would not be "appropriate public policy" for the Court to impose a duty of professional care to "all persons," such as Plaintiff. (ECF No. 80, PageID.883.) The Court is sensitive to the importance of professional services contractors in Michigan. However, the Court has found only that this Plaintiff, who worked in Flint, has adequately pled that he was a foreseeable, regular City water user. VNA's duty to this particular Plaintiff should not have the far-reaching effect on other professional services contractors feared by VNA.

And, despite VNA's urging, the fact that Plaintiff become ill in December 2016 does not change the outcome of this motion. Plaintiff contracted Legionnaires disease after VNA issued its report in March 2015. So, unlike earlier cases where various Plaintiffs' claims against VNA were dismissed for failing to allege harm after March 2015, Plaintiff has set forth an appropriate time frame for his injury here. *See, Carthan*, 329 F. Supp. 3d at 424–25. Nor is December 2016 too far past March 2015 to sustain Plaintiff's claim. It was not until January 2016 before Governor Snyder publicly accepted that the risks due to lead and

12

legionella exposure in Flint were still ongoing, and declared a state of emergency in Flint, which lasted until 2019. (*Walters*, No. 17- 10164, ECF No. 185-2, PageID.5107.) Accordingly, Plaintiff's illness in December 2016 is adequate to state a claim.

Finally, although the Court has not addressed this particular issue in previous decisions, it has had many occasions to evaluate the sufficiency of the allegations against VNA in the other Flint Water Cases, all of which derive from the same basic facts set forth here. *See, Walters*, 2019 WL 3530874 at *3, *8. The Master Complaint has adequately alleged that, had VNA performed its duties in a non-negligent manner, the continued severity of the Flint Water Crisis could have been stopped in its tracks. Accordingly, as in other Flint Water Cases, the allegations of professional negligence against VNA in the Master Complaint are sufficient to set forth a claim. *See Carthan*, 384 F.Supp.3d at 866 (upholding professional negligence claims against VNA, but dismissing other claims against it); *Walters*, 2019 WL 3530874 at *40 (permitting professional negligence claims against VNA to continue. VNA did not directly move to dismiss professional negligence but did allege other pleading insufficiencies). VNA's motion is denied. (ECF No. 80.)

## V. Conclusion

For the reasons set forth above, LAN and LAD's motions to dismiss denied (ECF Nos. 74, 75); and VNA's motion is denied (ECF No. 80).

IT IS SO ORDERED.

Dated: March 29, 2021  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 29, 2021.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager