UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER CASES | Case No. 5:16-cv-10444-JEL-MKM |
| | Hon. Judith E. Levy |
| This Document Relates To: | |
| Lee v. City of Flint, Michigan, et al. | Case No. 5:17-cv-11726-JEL-MKM |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO RECONSIDER THE ORDER DENYING THEIR MOTION TO DISMISS PLAINTIFF'S PROFESSIONAL NEGLIGENCE CLAIM**

Pursuant to Local Rule 7.1(h), Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (collectively, VNA) move for reconsideration of the part of the Court's March 29, 2021, Opinion and Order, ECF No. 88, PageID.1122-1135, that denies VNA's motion to dismiss Plaintiff's professional negligence claim against VNA (Count XI).

As more fully set forth in the accompanying brief, the Court has made a clear legal error. The Court held that VNA owed Plaintiff a duty of professional care, but the Court did not account for the most important factor to be considered in determining whether a defendant owed a plaintiff a common-law duty of care under Michigan law. Further, the Court misconstrued the only authority on which it relied.

1

The Court should have dismissed Plaintiff's professional negligence claim against VNA.

As Local Rule 7.1(a) requires, VNA conferred with Plaintiff's counsel concerning this motion. After VNA explained the nature and legal basis for the motion, Plaintiff's counsel said that he would oppose it.

Respectfully submitted,

| | |
|---|---|
| **CAMPBELL, CONROY & O'NEIL P.C.** | **BUSH SEYFERTH PLLC** |
| By: */s/ James M. Campbell*<br>James M. Campbell<br>Alaina N. Devine<br>One Constitution Wharf, Suite 310<br>Boston, MA 02129<br>(617) 241-3000<br>jmcampbell@campbell-trial-lawyers.com<br>adevine@campbell-trial-lawyers.com | By: */s/ Cheryl A. Bush*<br>Cheryl A. Bush (P37031)<br>Michael R. Williams (P79827)<br>100 W. Big Beaver Road, Suite 400<br>Troy, MI 48084<br>(248) 822-7800<br>bush@bsplaw.com<br>williams@bsplaw.com |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: April 12, 2021

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER CASES | Case No. 5:16-cv-10444-JEL-MKM |
| | Hon. Judith E. Levy |
| This Document Relates To: | |
| Lee v. City of Flint, Michigan, et al. | Case No. 5:17-cv-11726-JEL-MKM |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S BRIEF IN SUPPORT OF THEIR MOTION TO RECONSIDER THE ORDER DENYING THEIR MOTION <u>TO DISMISS PLAINTIFF'S PROFESSIONAL NEGLIGENCE CLAIM</u>**

## STATEMENT OF THE ISSUE PRESENTED

1. Should the Court reconsider and reverse that part of its recent opinion denying VNA's motion to dismiss Plaintiff's claim for professional negligence against VNA, because the Court's opinion did not determine that there was an adequate relationship between the VNA and Plaintiff?

   **VNA answers:** "Yes."

   **Plaintiff answers:** "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*In re Certified Question from Fourteenth Dist. Ct. of Apps. of Tex.*, 479 Mich. 498 (2007)

*Loweke v. Ann Arbor Ceiling & Partition Co.*, 489 Mich. 157 (2011)

**TABLE OF CONTENTS**

INTRODUCTION ...............................................................................................1

BACKGROUND ................................................................................................2

LEGAL STANDARD .........................................................................................5

ARGUMENT ......................................................................................................5

    A.  The Court Clearly Erred By Imposing A Duty Of Care Without Determining That There Was A Sufficiently Strong Relationship Between The Parties ...................................................................5

    B.  *Loweke* Does Not Hold That A Defendant Owes A Duty Of Care To Every Foreseeable Plaintiff ..............................................................7

CONCLUSION .................................................................................................10

## INTRODUCTION

Plaintiff Joel V. Dennis Lee brings a claim for professional negligence against VNA. He alleges that when he was a delivery driver in Flint, he contracted Legionnaire's disease due to the Flint water crisis. VNA moved to dismiss this claim because VNA did not owe any duty to Plaintiff under Michigan law. VNA explained that it did not have any relationship with Plaintiff, and without a sufficiently strong relationship, there can be no duty under Michigan common law.

In denying VNA's motion, the Court did not address whether there was a relationship between the parties, even though "when there is no relationship between the parties, no duty can be imposed." *In re Certified Question from Fourteenth Dist. Ct. of Apps. of Tex.*, 479 Mich. 498, 507 (2007). Instead, the Court relied on *Loweke v. Ann Arbor Ceiling & Partition Co.*, 489 Mich. 157 (2011), which the Court construed as holding that a defendant owes a duty of care to anyone foreseeably harmed by the defendant's conduct. *See* Op. & Order Denying VNA's Mot. to Dismiss 10-11, ECF No. 88, PageID.1131-1132 (Order).

The Court's reliance on *Loweke* was misplaced. *Loweke* clarified that a contracting party *may* owe a common-law duty of care that is independent of the contract, but it did not address the scope of that duty or to whom it is owed. *See* 489 Mich. at 172. And in *In re Certified Question*, the Michigan Supreme Court

expressly rejected imposing a duty in the absence of "a legal relationship between the parties." 479 Mich. at 509 n.10.

Because the Court's decision contained a "palpable defect" regarding the duty of care under Michigan law, and correcting the defect "will result in a different disposition of the case," L.R. 7.1(h)(3), the Court should reconsider its decision and dismiss Plaintiff's claim for professional negligence against VNA.

## BACKGROUND

Plaintiff, a resident of Saginaw County, alleges that he contracted Legionnaire's disease in Flint in December 2016, during the course of his work as a delivery driver. Pl.'s Corrected Second Am. Short Form Compl. Ex. A at 1, ECF No. 73-1, PageID.662 (Short-Form Compl.). In its order denying VNA's motion to dismiss, the Court stated that Plaintiff "was [in Flint] on a regular basis." Order 11, ECF No. 88, PageID.1132. Although Plaintiff asserted in his opposition to VNA's motion to dismiss that he regularly traveled to Flint for his work, *see* Pl.'s Br. in Supp. of Resp. to VNA's Mot. to Dismiss 1, ECF No. 84, PageID.1084 (Opp.), he did not plead that in his complaint. Plaintiff pleaded only that he "did not live in Flint, Michigan at any time but was exposed due to his work," Short-Form Compl. ¶ 6, ECF No. 73, PageID.658, and that he "is a resident of Saginaw County, who

2

was exposed to Legionella bacteria as a result of working in [] Flint as a Schwann's delivery person," *id.* Ex. A at 1, ECF No. 73-1, PageID.662.[1]

Plaintiff brings one claim against VNA, for professional negligence. Short-Form Compl. ¶ 10, ECF No. 73, PageID.660 (Count XI). VNA moved to dismiss that claim on the ground that VNA did not owe Plaintiff a duty of professional care under Michigan law. *See* VNA Mot. to Dismiss 5-14, ECF No. 80, PageID.874-883. VNA explained that under Michigan law, a defendant owes a plaintiff a common-law duty of care only when three factors are met: (1) there is a sufficiently strong relationship between the parties; (2) the plaintiff's alleged harm was reasonably foreseeable; and (3) the social benefits of imposing a duty outweigh the social costs of doing so. *Id.* at 3, ECF No. 80, PageID.872 (citing *In re Certified Question*, 479 Mich. at 505). VNA explained that each of the first two factors is a required predicate to imposing a duty and that all three factors militate against finding a duty in this case. *Id.* Critically, without a sufficiently strong relationship (the first factor), there can be no duty. Here, that relationship is lacking: Plaintiff was not VNA's

---

[1] Accordingly, the Court was mistaken in stating that "VNA's recitation of the facts in this case is not consistent with the allegations set forth in the complaint." Order 11, ECF No. 88, PageID.1132. And in ruling on VNA's motion to dismiss, the Court should not have considered Plaintiff's assertions in his brief about his regular travels to Flint. *See Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) (on ruling on a motion to dismiss, "[t]he court may not . . . take into account additional facts asserted in a memorandum opposing the motion" (internal quotation marks omitted)).

3

client and did not allege that he had any other type of relationship with VNA at all. *Id.* at 5-10, ECF No. 80, PageID.874-879.

In his opposition, Plaintiff did not refute that he lacked a relationship with VNA. Instead, he argued that VNA owed a duty to the public at large. Opp. 18-21, ECF No. 84, PageID.1101-1104. As VNA explained in its reply brief, that view is foreclosed by Michigan Supreme Court precedent. VNA Reply in Supp. of Mot. to Dismiss 3-5, ECF No. 87, PageID.1114-1116. That court squarely has held that it is not the case in Michigan that "everybody owes a duty to everybody else." *In re Certified Question*, 479 Mich. at 509 n.10.

In denying VNA's motion to dismiss, the Court held that under the facts alleged, VNA owed Plaintiff a duty of professional care under Michigan common law. *See* Order 10-13, ECF No. 88, PageID.1131-1134. The Court did not consider the relationship factor, and it did not discuss *In re Certified Question* at all. *See id.* Instead, the Court cited *Loweke* for the proposition that "a contracting party is not relieved of its separate, pre-existing common-law duty to third parties to use 'ordinary care to avoid physical harm to foreseeable persons and property' in the performance of a contract." *Id.* at 11, ECF No. 88, PageID.1132 (quoting *Loweke*, 489 Mich. at 172). The Court further stated that "[e]xtending VNA's common-law duty to Plaintiff in this case does not impose limitless liability on VNA," because

4

"[i]t is foreseeable that Plaintiff, who worked in the City of Flint, would come in contact with Flint water regularly at work." *Id.*

## LEGAL STANDARD

Under Local Rule 7.1(h), a court should reconsider an earlier ruling when the moving party demonstrates a "palpable defect" by which the court and the parties have been misled and that correcting the defect may result in a different disposition of the action. L.R. 7.1(h)(3). "A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain." *Guertin v. Michigan*, No. 16-cv-12412, 2017 WL 2991768, at *1 (E.D. Mich. July 14, 2017) (internal quotation marks omitted). "A clear error of law can constitute a palpable defect." *Knight v. Horace Mann Ins.*, No. 08-10405, 2010 WL 1257332, at *3 (E.D. Mich. Mar. 30, 2010); *see Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006).

## ARGUMENT

### A. The Court Clearly Erred By Imposing A Duty Of Care Without Determining That There Was A Sufficiently Strong Relationship Between The Parties

The Court's opinion denying VNA's motion to dismiss is based on a clear error of law: The Court imposed a duty of care without determining that there was a sufficient relationship between the parties. That important error warrants reconsideration.

The key case that sets out the framework for determining "legal duty in general" in Michigan is *In re Certified Question.* 479 Mich. at 504 (capitalization

5

altered). In that case, the Michigan Supreme Court explained that in determining whether a defendant owed a plaintiff a common-law duty of care, "[t]he most important factor to be considered is the relationship of the parties." *Id.* at 505. That is because "[a] duty arises out of the existence of a relationship between the parties of such a character that social policy justifies its imposition." *Id.* (internal quotation marks omitted). Thus, "when there is no relationship between the parties, no duty can be imposed." *Id.* at 507.

For professional negligence, the ordinary rule is that the professional owes a duty of care only to its client, not to third parties. *Saur v. Probes*, 190 Mich. App. 636, 638 (1991); *see, e.g.*, *Atlanta Int'l Ins. v. Bell*, 438 Mich. 512, 518 (1991); *Sabbagh v. Hamilton Psychological Servs., PLC*, 329 Mich. App. 324, 350 (2019); *Hill v. Kokosky*, 186 Mich. App. 300, 301-02 (1990). Michigan courts depart from that rule only in "unique circumstances," when there is something special about the professional's indirect relationship with the third party that warrants imposing a duty. *Mieras v. DeBona*, 452 Mich. 278, 297 (1996); *see, e.g.*, *Roberts v. Salmi*, 308 Mich. App. 605, 621, 622 n.7 (2014).

The Court's opinion does not address the relationship factor at all. The opinion does not cite *In re Certified Question* or any of the other cases on the relationship factor that VNA cited in its briefs. If the Court had addressed the relationship factor, VNA's motion should have been granted, because it is

6

undisputed that the required relationship was lacking here. Most importantly, Plaintiff was not VNA's client. VNA's only client was the City of Flint, and Plaintiff does not allege that he was a named beneficiary of VNA's contract with the City. Nor does Plaintiff contend that VNA had a special relationship with him that might give rise to a duty of care – or indeed any relationship at all. Under *In re Certified Question*, this failure warrants dismissal of Plaintiff's claim. *See* 479 Mich. at 507-08.

**B.** ***Loweke* Does Not Hold That A Defendant Owes A Duty Of Care To Every Foreseeable Plaintiff**

The Court cited *Loweke* for the proposition that "a contracting party is not relieved of its separate, pre-existing common-law duty to third parties to use 'ordinary care to avoid physical harm to foreseeable persons and property' in the performance of a contract." Order 11, ECF No. 88, PageID.1132 (quoting *Loweke*, 489 Mich. at 172). The Court appeared to understand *Loweke* to hold that a contracting party owes a common-law duty of care to anyone foreseeably harmed by the party's conduct. *See id.* (holding that Plaintiff's alleged harm was foreseeable).

The Court overlooked a critical aspect of *Loweke*. In *Loweke*, the Michigan Supreme Court was correcting a misunderstanding about its decision in *Fultz v. Union-Commerce Associates*, 470 Mich. 460 (2004), which some courts had interpreted as "establish[ing] a form of tort immunity that bars negligence claims

7

raised by a noncontracting third party." *Loweke*, 489 Mich. at 168. *Loweke* explained that that view of *Fultz* was not correct: Although *Fultz* held that a third party cannot rely on a party's contractual obligations as providing a basis for a duty to the third party, *Fultz* did not displace any common-law duties that the contracting party may have owed to the third party. *Id.* In other words, a defendant cannot argue that it "was . . . relieved of its preexisting common-law duty to use ordinary care" on the ground that it was "performing an act under [a] contract." *Id.* at 172. *Loweke* thus merely clarifies that a contracting party still is subject to any duty that otherwise might be imposed by the common law.

But *Loweke* did not address the scope of the common-law duty, or to whom that duty is owed. That is clear from the Michigan Supreme Court's opinion: The court expressly declined to decide whether the "particular plaintiff" in that case "was owed a duty of care under the common law." *Loweke*, 489 Mich. at 172 (emphasis omitted). Thus, *Loweke* provides no guidance on whether any particular defendant owed any particular plaintiff a common-law duty of care; nor does it abridge, overrule, or displace any Michigan cases defining the scope of the common-law duty of care or to whom that duty is owed.

Critically, the Michigan Supreme Court already has explained that Michigan's common-law obligation "on every person engaged in the prosecution of any undertaking . . . to use due care . . . as not to unreasonably endanger the person or

8

property of others" does *not* mean that every person owes a duty of care to every foreseeable plaintiff. *In re Certified Question*, 479 Mich. at 509 n.10 (quoting *Clark v. Dalman*, 379 Mich. 251, 261 (1967)).  On the contrary, "[a] defendant does not have a duty to protect everybody from all foreseeable harms." *Id.* at 508.  The court explained that its cases always have required "the existence of a legal relationship between parties" before imposing a duty of care. *Id.* at 509 n.10 (quoting *Clark*, 379 Mich. at 260-61).  And the court made clear that foreseeability and relationship are separate factors, and that foreseeability cannot make up for a lack of relationship. *See id.* at 509 ("Before a duty can be imposed, there must be a relationship between the parties *and* the harm must have been foreseeable." (emphasis added)).

Thus, by failing to address whether there existed "a legal relationship between [the] parties," and relying on the alleged foreseeability of Plaintiff's alleged harm, the Court made a clear legal error.[2]  Because that error affected the disposition of this case, the Court should grant reconsideration and hold that Plaintiff's professional negligence claim against VNA fails as a matter of law.

---

[2]  VNA disagrees with the Court's conclusions that the alleged harm to Plaintiff was foreseeable and that extending VNA's duty of care to cover Plaintiff would not result in limitless liability, Order 11-12, ECF No. 88, PageID.1132-1133, but does not move for reconsideration on those bases.

9

## CONCLUSION

The Court should reconsider the part of its Opinion and Order dated March 29, 2021, that addresses the professional negligence claim against VNA and should amend the order to dismiss that claim with prejudice.

Respectfully submitted,

| **CAMPBELL, CONROY & O'NEIL P.C.** | **BUSH SEYFERTH PLLC** |
|---|---|
| By: */s/ James M. Campbell* <br> James M. Campbell <br> Alaina N. Devine <br> One Constitution Wharf, Suite 310 <br> Boston, MA 02129 <br> (617) 241-3000 <br> jmcampbell@campbell-trial-lawyers.com <br> adevine@campbell-trial-lawyers.com | By: */s/ Cheryl A. Bush* <br> Cheryl A. Bush (P37031) <br> Michael R. Williams (P79827) <br> 100 W. Big Beaver Road, Suite 400 <br> Troy, MI 48084 <br> (248) 822-7800 <br> bush@bsplaw.com <br> williams@bsplaw.com |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  April 12, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

Respectfully submitted,

*/s/ James M. Campbell*

Dated:  April 12, 2021