UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases

Judith E. Levy
United States District Judge

_____/

This Order Relates To:

Lee v. City of Flint, Michigan, *et al.*,
Case No. 17-11726

_____/

**OPINION AND ORDER DENYING DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION FOR RECONSIDERATION [95]**

This is one of the many cases that are collectively referred to as the Flint Water Cases. The Plaintiff in this case, Joel V. Dennis Lee, was employed as a delivery driver in the City of Flint. (ECF No. 73-1, PageID.662.) Mr. Lee alleges he was exposed to the *Legionella* bacteria while working in Flint. *Id.* He filed suit against a number of corporate and governmental Defendants. (*See* ECF No. 88, PageID.1123-24.) Relevant to this opinion are Plaintiff's claims for professional negligence against Veolia North America, Inc., Veolia North America, LLC, and

Veolia Water North America Operatizing Services, LLC (together "VNA"). In previous Flint Water decisions, the Court has set forth descriptions of these Defendants and of Mr. Lee's claims against them; this background is adopted as if fully set forth here. *See In re Flint Water Cases*, No. 17-cv-11776, 2021 WL 1178059, *1-3 (E.D. Mich., Mar. 29, 2021) ("*Lee*") (describing Mr. Lee's claims and their procedural history); *In re Flint Water Cases*, 384 F. Supp. 3d 802, 824–25 (E.D. Mich. 2019) (describing VNA Defendants).

On March 29, 2021, the Court denied VNA's motion to dismiss the professional negligence claims. (ECF No. 88.) Now before the Court is VNA's motion to reconsider that decision. (ECF No. 95). For the reasons set forth below, VNA's motion is DENIED.

## I. Legal Standard

To prevail on a motion for reconsideration under Eastern District of Michigan Local Rule 7.1, a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear,

2

unmistakable, manifest or plain." *Saade v. City of Detroit*, No. 19-cv-11440, 2019 WL 5586970 at *1, (E.D. Mich., Oct. 30, 2019) (quoting *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997)). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Federal Rule of Civil Procedure 59(e), which requires "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006).

Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication," E.D. Mich. LR 7.1(h)(3), or if the "parties use ... a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued," *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007).

## II. Analysis

In its decision to deny VNA's motion to dismiss, the Court relied on *Loweke v. Ann Arbor Ceiling and Partition Co.*, 489 Mich. 157, 166 (2011) to find that VNA had a duty to use "ordinary care to avoid physical harm

3

to foreseeable persons and property," while it performed its contract for the City of Flint. *Lee*, 2021 WL 1178059 at *4-5 (quoting *Loweke*, 489 Mich. at 166). Because it is foreseeable that individuals employed in Flint will consume Flint water, Mr. Lee was a "foreseeable person[]" within the meaning of *Loweke* and VNA owed him a duty to use ordinary care. *Id.* Accordingly, the Court declined to dismiss Mr. Lee's claims against VNA. *Id.*

In its motion for reconsideration, VNA argues that the Court misapplied Michigan law because it failed to consider whether there was a relationship between Mr. Lee and VNA that could give rise to a duty. (ECF No. 95, PageID.1168-72.) According to VNA, Michigan law recognizes a duty of ordinary care only upon a showing of *both* a relationship between the parties *and* foreseeable harm to the plaintiff. (ECF No. 95, PageID.1169.) Because the Court did not address the relationship between the parties, VNA argues, it palpably erred. *Id.* And, VNA argues, because there is no relationship between Mr. Lee and VNA,

4

VNA owed him no duty under Michigan law, and Mr. Lee's claims should have been dismissed.[1] (*Id.* at PageID.1170.)

The Court has carefully considered VNA's arguments and agrees that it should have addressed the relationship factor under Michigan law. However, VNA misunderstands what that factor requires. While Michigan no longer recognizes a duty "to protect everybody from all foreseeable harms," *In re Certified Question*, 479 Mich. 498, 508 (2007), it has not limited tort claims to cases where the plaintiff has a connection to the defendant. Instead, as is explained below, when professionals such as VNA employed on the Flint water project voluntarily begin an undertaking on behalf of a customer, they thereby also take on a duty to prevent physical harm to all foreseeable persons and property. That duty, reiterated in *Loweke*, 489 Mich. at 166, clearly applies in this case. The Court therefore did not err when it denied VNA's motion to dismiss.

---

[1] In a footnote, VNA argues that the Court erroneously relied on information contained only in Plaintiff's briefing and not in the Complaint itself. (ECF No. 95, PageID.1166.) The Court did not do so, however. The Complaint alleges that Mr. Lee worked in Flint. (ECF No. 73-1, PageID.662.) For the reasons stated below, that fact is sufficient to deny VNA's motion to dismiss.

### A. Establishing Legal Duty under Michigan Law

Common sense suggests that each person should ordinarily exercise reasonable care to prevent harm to others. Many states recognize this as a basic precept of tort law. *See, e.g., Huang v. The Bicycle Casino, Inc.*, 4 Cal. App. 5th 329, 341 (Cal. Ct. App. 2016) ("California law establishes the general duty of each person to exercise, in his or her activities, reasonable care for the safety of others.") (collecting cases and quoting Cal. Civ. Code §1714(a)); *Coffey v. City of Milwaukee*, 74 Wis. 2d 526, 536 (1976) (everyone owes an obligation of due care to refrain from acts that will cause foreseeable harm) (citing *De Bauche v. Knott*, 69 Wis. 2d 119 (1975)); *Turpen v. Granieri*, 133 Idaho 244, 247 (1999) ("every person…has a duty to exercise ordinary care to 'prevent unreasonable, foreseeable risks of harm to others.'") (quoting *Sharp v. W.H. Moore, Inc.*, 118 Idaho 297, 300 (1990)).

Michigan once recognized this general duty. *Clark v. Dalman*, 379 Mich. 251, 261 (1967) ("every person is under the general duty to so act, or to use that which he controls, as not to injure another") (citing *Pinnix v. Toomey*, 242 N.C. 358 (1955)). But this is no longer the case. The Michigan Supreme Court is now of the view that "a defendant does *not*

have a duty to protect everybody from all foreseeable harms." *In re Certified Question,* 479 Mich. at 508 (2007) (emphasis added). Instead, "before a duty can be imposed, there must be a relationship between the parties and the harm must have been foreseeable." *Id.* at 509.[2] Even once these factors are satisfied, courts still need to assess "the nature of the risk…to determine whether a duty should be imposed." *Id.*

Accordingly, *In re Certified Question* makes clear that establishing a legal duty generally requires at least (1) a relationship that gives rise to a duty, and (2) harm that was foreseeable. *See id.* VNA, appealing to the "between the parties" language, argues that the Michigan Supreme Court went much further than rejecting the universal duty to take ordinary care. According to VNA, *In re Certified Question* stands for the proposition that plaintiffs cannot sue unless *they* have a relationship with the defendant. (ECF No. 95, PageID.1172.) But that is not what *In re Certified Question* sets forth—and it is certainly not the law in Michigan today.

---

[2] Over a vociferous dissent, the Michigan Supreme Court dismissed *Clark*'s sweeping language in a footnote, asserting that "*Clark* does not stand for the proposition that everybody owes a duty to everybody else." *Id.* at 509 n.10.

7

First, *In re Certified Question*'s discussion of the "relationship" factor relied heavily on *Buczkowski v. McKay*, 441 Mich. 96 (1992) and *Murdock v. Higgins*, 454 Mich. 45 (1997). *See In re Certified Question*, 479 Mich. at 505–506. Both *Buczkowski* and *Murdock* make clear that while duties arise out of relationships, those relationships need not always be between the defendant and the plaintiff bringing suit.

In *Buczkowski*, a drunk customer purchased shotgun ammunition from a retailer and subsequently used that ammunition to shoot and injure a bystander with no connection to the retailer. *Buczkowski*, 441 Mich. at 97-87. The victim then brought suit against the retailer. *Id.* The Court did not discuss the plaintiff's relationship with the retailer—there was none—but instead analyzed the retailer's relationship with its customer. 441 Mich. at 104 ("the relationship in this case is simply that of retailer and customer.") While the Court ultimately declined to hold the retailer liable (in large part because intervening criminal actions are ordinarily not foreseeable as a matter of law, 441 Mich. at 104-5), it plainly did *not* require a relationship between the plaintiff victim and the retailer.

8

*Murdock* makes the same point even more explicitly. It explains that tort duties can arise "from a 'special relationship' *either* between the defendant and the victim, *or* the defendant and the third party who caused the injury." *Murdock*, 454 Mich. at 53 (citing *Marcelletti v. Bathani*, 198 Mich. App. 655, 664 (1993)).

Nor is there any indication that *In re Certified Question* changed or further limited the nature of the relationship requirement. To the contrary, subsequent cases continue to apply it. *See, e.g.*, *Bearss,* 2020 WL 3399571 at *2 ("a duty to use reasonable care may arise when a person has a special relationship either with the person causing the injury or with the victim.")

Indeed, Michigan courts routinely find liability in cases just like this one. Case after case confirms that professionals who undertake to perform a service for a third party thereby take on the duty to use ordinary care to avoid physical harm to *all* foreseeable persons and property. *See, e.g., Harper v. Ashgrove*, 2019 WL 4670180 (Mich. App., Sept. 24, 2019) (company contracted by third party to renovate walkway leading up to plaintiff's apartment owed general duty of care to plaintiff, despite absence of relationship with plaintiff); *Zimmer v. Harbour Cove*

9

*on the Lake Condo Community*, 2017 WL 993218, at *3 (Mich. App., March 14, 2017) (while there was no relationship between defendant and plaintiff, "it is well-established that defendant has a common-law duty to use ordinary care to avoid physical harm to foreseeable persons and property in the execution of its undertakings") (quoting *Loweke*, 489 Mich. at 162); *Salveta v. Florence Cement Co., Inc.*, No. 303067, 2012 WL 1890257 (Mich. App., May 24, 2012) (company working on a city sidewalk owed duty to exercise reasonable care to avoid harm to plaintiff, a passing bicyclist); *Lameau v. Royal Oak*, No. 289947, 2012 WL 3590043 (Mich. App., Aug. 21, 2012) (construction company working on sidewalk had duty to avoid foreseeable harm to passers-by); *Thirman v. D & T Cement, Inc.*, No. 199621, 1998 WL 1991266 (Mich. App., June 30, 1998) (snow removal company owed general duty to avoid physical harm to foreseeable person and property).

This consensus is no surprise, for the same duty is recognized in a familiar provision of the Restatement (Second) of Torts:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm

10

> resulting from his failure to exercise reasonable care to protect his undertaking, if
>> (a) his failure to exercise reasonable care increases the risk of such harm, or…

Restatement (Second) of Torts, § 324(A) (Am. Law Inst. 1965). In other words, A has a duty to C if its failure to exercise due care for services rendered to B foreseeably increased the risk of physical harm to C. As this Court has previously held, Michigan has adopted this provision of the Restatement. *In re Flint Water Cases*, 482 F. Supp. 3d 601, 617 (E.D. Mich. 2020) (citing *Fultz v. Union-Commerce Assoc's*, 470 Mich. 460 (2004)); *see also Loweke*, 489 Mich. at 166 (recognizing a "preexisting common-law duty to use ordinary care in order to avoid physical harm to foreseeable persons and property in the execution of its undertakings").

Accordingly, while Michigan law no longer recognizes general duties arising out of isolated conduct,[3] it does not immunize defendants like VNA from liability to anyone but its own clients. That overly narrow view was squarely rejected in *Loweke*. 489 Mich. at 168 (rejecting "a form

---

[3] For instance, an insurer who inspects the property of its customers purely for its own benefit does not owe a duty to inspect with reasonable care, because it does not act out of an existing relationship with either the customer or a third party. *Smith v. Allendale Mut. Ins. Co.*, 410 Mich. 685 (1981).

of tort immunity that bars negligence claims raised by a noncontracting third party"). To show the existence of a legal duty in this case, Plaintiff need only establish *either* that he had a relationship with VNA sufficient to give rise to a legal duty *or* that VNA had a relationship with a third party sufficient to give rise to a legal duty to third parties such as Plaintiff.

### B. VNA's Relationship with the City of Flint

It is undisputed in this case that VNA had a contractual relationship with the City of Flint. (ECF No. 73-1, PageID.679–697 (setting forth VNA's relationship with the City of Flint; ECF No. 95, PageID.1170 (acknowledging that City of Flint was VNA's client)). Plaintiff further alleges that VNA's negligent performance of its duties for the City of Flint foreseeably caused him harm. (ECF No. 73-1, PageID.684–688 (alleging that VNA failed to do a root cause analysis, that any reasonable engineer in VNA's position would have done such an analysis, and that had VNA done so, the legionella in the water would have been discovered)). In other words, the Complaint adequately alleges that (1) VNA undertook to provide services to the City of Flint, and (2) its

12

failure to take due care in providing those services increased the risk of, or directly caused, the physical harm to Plaintiff.

Moreover, Plaintiff alleges he was employed as a delivery driver in Flint. (ECF No 73-1, PageID.662.) It is eminently foreseeable that persons who work in Flint will consume Flint water. Plaintiff was certainly no less a "foreseeable person" than the passers-by in *Harper* or the bicyclist in *Salveta. Cf. Harper*, 2019 WL 4670180; *Salveta,* 2012 WL 1890257.[4] Plaintiff has therefore established both the requisite relationship and the foreseeability of harm.[5]

Accordingly, VNA owed Plaintiff a duty of care and the Court did not err when it denied VNA's motion to dismiss.

---

[4] Unpublished decisions by the Michigan Court of Appeals are not binding precedent, but they are persuasive as illustrations of routine applications of the duty to take ordinary care in one's undertakings.

[5] VNA does not separately argue that the Court's prior application of the public policy factors constituted palpable error, so these are not further addressed here.

## III. Conclusion

For the reasons set forth above, VNA's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: November 10, 2021          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 10, 2021.

                                  s/William Barkholz
                                  WILLIAM BARKHOLZ
                                  Case Manager